# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL KITCHEN,

      Petitioner,

    v.

COURT OF COMMON PLEAS,
ROSS COUNTY, OHIO,

      Respondent.

CASE NO. 2:19-CV-3618
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE VASCURA

## ORDER

On January 17, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 9). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 10). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 10) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner asserts that the Double Jeopardy Clause bars his re-trial in the Ross County Court of Common Pleas on the charge of sexual battery because, he alleges, the prosecutor intentionally goaded a mistrial by deliberately violating the trial court's order prohibiting use of information contained on an undisclosed portion of Petitioner's taped interview with police. The Magistrate Judge recommended dismissal of this claim as without merit.

Petitioner objects to that recommendation. Petitioner claims that the state appellate court unreasonably applied or contravened federal law, and based its decision on unreasonable factual

determinations, in violation of 28 U.S.C. § 2254(d).  Petitioner objects to the reference to the state appellate court's factual findings that indicate that the prosecutor had properly disclosed Petitioner's statement to police about why he spent the night at Howell's apartment, and that the prosecutor expressed surprise and confusion when the trial court granted defense counsel's request for a mistrial.  According to the Petitioner, the trial transcripts reflect that these findings constitute an unreasonable determination of the facts.  Petitioner argues that the record reflects that the prosecutor engaged in a sequence of overreaching by intentionally violating clear orders from the trial court in an effort to induce a mistrial.  Petitioner also objects to the determination that the prosecutor gained no tactical advantage from the declaration of a mistrial.

Under the provision of 28 U.S.C. § 2254(e)(1), the Petitioner has the burden of rebutting that presumption of correctness of the state court's factual findings by clear and convincing evidence.  He has failed to meet that burden here.  The appellate court found that

> a Master Incident Report, which the state had provided to Kitchen and his counsel, referenced several of Kitchen's statements from the undisclosed body camera footage:  (1) Kitchen told the officers that he did not remember having sex with Sara; (2) Kitchen told Officer Campbell he had a dream last night about having sex with his girlfriend; and (3) Kitchen stated that his girlfriend had told him that he had groped her in his sleep before.

*State v. Kitchen*, 4th Dist. No. 18CA3640, 2018 WL 6819501, at *2 (Ohio Ct. App. Dec. 7, 2018). Thus, although the prosecutor failed to disclose these statements by Petitioner on the videotape of the police body camera, it included them on the Master Incident Report that had been properly provided to the defense in discovery. (*Transcript*, ECF No. 5-5, PAGEID # 277-279.)  The record further reflects that

> {¶15} [o]n the state's direct examination of its next witness, Officer Campbell, it questioned him about statements Kitchen had made addressing why he stayed at Howell's apartment that night. Apparently, Kitchen told the officers that he and Howell had been friends for a while and they had not spoken for some time. Kitchen's counsel objected to this testimony on the basis that it had not been

> disclosed in discovery, but the state countered that Kitchen's statement was contained on the disclosed body camera footage. The trial court overruled the objection, but again warned the state that "if this officer testified about anything said only on the undisclosed portion, that is a violation of my order and if he violates my order or any other officer violates my order, I will grant a mistrial."

*Id*. at *3. The appellate court expressly found that "the record does not contain any evidence that would contradict that ruling—the state represented that this evidence was contained in the body camera footage that had been properly disclosed to Kitchen in discovery." *Id*. at *5. Contrary to Petitioner's argument here, the record does not contradict these findings. Nothing in the record indicates that the prosecutor wrongly represented that it had disclosed Petitioner's statement to police about why he spent the night at Howell's house in the portion of the body camera videotape provided to the defense in discovery. This Court is not persuaded by Petitioner's argument that the appellate court unreasonably concluded that the record failed to demonstrate a sequence of overreaching by the prosecution and that the prosecutor exhibited surprise and confusion upon the defendant's request for a mistrial. (*See Transcript*, ECF No. 5-5, PAGEID # 303-07). Further, the record does not indicate that the prosecutor had a weak case or needed to use any portion of Petitioner's undisclosed statements to police in order to obtain a conviction. Petitioner's argument that the prosecutor wanted to goad him into requesting a mistrial in order to obtain a more favorable jury involves mere speculation. Moreover, a prosecutor's negligence or actions resulting from inexperience, even deliberate conduct, does not bar a re-trial under *Oregon v. Kennedy*, 456 U.S. 667 (1982), absent intent to provoke a mistrial. *See Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 813 (6th Cir. 2012) (citing *United States v. El–Mezain*, 664 F.3d 467, 561–62 (5th Cir.2011); *United States v. Thomas*, 728 F.2d 313, 318 (6th Cir.1984), *abrogated on other grounds by United States v. Carroll*, 26 F.3d 1380 (6th Cir.1994); *United States v. White*, 914 F.2d 747, 752 (6th Cir. 1990)). "The only relevant intent is intent to terminate the trial, not

3

intent to prevail at this trial by impermissible means." *Hampton v. Moore*, No. 2:07-cv-747, 2008 WL 4137905, at *11 (S.D. Ohio Aug. 28, 2008) (quoting *United States v. Barnwell*, No. 03-cr-80074-1, 2008 WL 2447133 (E.D. Michigan June 18, 2008)). Upon review of the record, this Court agrees that it does not reflect such an intent here. The record does not support Petitioner's argument that the appellate court violated the provision of 28 U.S.C. § 2254(d) in rejecting his claim.

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 10) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim. Therefore, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**